IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLAUDE OWEN WILSON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:19CV230–HEH
)
UNKNOWN, )
)
    Defendant. )

## MEMORANDUM OPINION
(Dismissing Civil Action with Prejudice)

Claude Owen Wilson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. Wilson's Complaint is entitled, "RE: Application for order releasing vessel from arrest pursuant to sec. 11233 Admiralty," and is comprised of miscellaneous nonsensical documents allegedly filed pursuant to the Uniform Commercial Code. Although Wilson never quite makes the claim, it appears that he believes that the state court lacked jurisdiction over him and therefore, he must be released from incarceration.

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). It is both unnecessary and inappropriate to engage in an extended discussion of

the utter lack of merit of Wilson's action. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)).

Wilson's suggestion that the Court should order his release appears to emanate from Redemptionist theory[1] which the courts have universally rejected as having no basis in the law. *See Tirado v. New Jersey*, No. 10–3408 (JAP), 2011 WL 1256624, at *4–5 (D.N.J. Mar. 28, 2011) (concluding inmate's Redemptionist argument had "no legal basis"); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 n.8 (D. Conn. 2010); *Bryant*, 524 F. Supp. 2d at 760 (referring to arguments as "clearly nonsense"). Wilson's theory—that he can compel his release by simply filing documents reciting frivolous legal theories—is no exception. *See Ferguson-El v. Virginia*, 3:10CV577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011) (declaring inmate's Redemptionist-based

---

[1] Redemptionists contend that in 1933 the United States went bankrupt upon leaving the gold standard. *See Monroe v. Beard*, No. 05-04937, 2007 WL 2359833, at *2 (E.D. Pa. Aug. 16, 2007); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-59 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008). In order to satisfy its debts, the United States leverages its citizenry as collateral, using birth certificates and Social Security numbers to create a contract with the incoming populace. *Monroe*, 2007 WL 2359833, at *2. These documents have the effect of creating a dual personality within each person that consists of a real person and a "strawman," the fictitious corporate entity created by the United States. *Id.*

Those who subscribe to Redemptionism claim that the United States only has jurisdiction on the strawman, not the flesh-and-blood human. Additionally, when each United States citizen is born, an "exemption account" is created for each person, a virtually bottomless well of money identified by the person's Social Security number. *Id.* At the heart of Redemptionist theory lies the belief that, by filing certain financial documents, citizens can "redeem" themselves and acquire an interest in the fictional person created by the government, and, consequently, the profits derived from the strawman's use. *Id.*; *see Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008).

argument for his release "legally frivolous"). Accordingly, the action will be dismissed as frivolous.

The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Nov. 22, 2019
Richmond, Virginia